Selective Auto Ins. Company of N.J. v Nesbitt (2018 NY Slip Op 03616)





Selective Auto Ins. Company of N.J. v Nesbitt


2018 NY Slip Op 03616


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6583 20889/14E

[*1]Selective Auto Insurance Company of New Jersey as subrogee of Alan Pine, Plaintiff-Respondent,
v
Kathleen Nesbitt, et al., Defendants-Appellants.


Law Offices of John Trop, Yonkers (David Holmes of counsel), for appellants.
Gambeski & Frum, Elmsford (William Ambrose of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered September 7, 2017, which denied defendants' CPLR 3215(c) motion to dismiss the complaint, and granted plaintiff's cross motion to enter a default judgment under CPLR 3215(a), unanimously reversed, on the law, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment dismissing the complaint.
On March 6, 2014, plaintiff served defendants with its complaint alleging liability for damages resulting from a car collision involving plaintiff's subrogee. Defendants did not file an answer. Almost three years later, by notice dated February 1, 2017, defendants moved to dismiss the complaint as abandoned (CPLR 3215[c]). Plaintiff opposed, and by notice dated February 16, 2017, cross-moved for entry of a default judgment, asking that its failure to seek default within one year of defendants' failure to answer (CPLR 3215[c]) be excused (see Hoppenfeld v Hoppenfeld , 220 AD2d 302, 303 [1st Dept 1995]). Supreme Court denied defendants' motion and granted plaintiff's cross motion for a default judgment.
Under CPLR 3215(c), if a plaintiff fails to seek entry of a judgment within one year after default, the court "shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why [it] should not be dismissed." Here, plaintiff failed to show sufficient cause to defeat defendant's dismissal motion because it neither set forth a viable excuse for the delay nor demonstrated a meritorious cause of action (Hoppenfeld , 220 AD2d at 303; Gavalas v Podelson , 297 AD2d 535 [1st Dept 2002]).
Accordingly, the complaint should be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK